E-FILED
Thursday, 05 December, 2013 01:07:43 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| HERBERTO PULGAR, | ) | No. 13-30025 |
| | ) | |
| Defendant. | ) | |

# OPINION

On Monday, November 11, 2013, Defendant filed Defendant's Consolidated Motion in Limine (d/e 65). The Consolidated Motion is comprised of seven motions in limine and one "request" to allow Defendant to move to exclude further evidence as needed. The Government objected only to the First Motion in Limine and had one caveat to the Second Motion. The Government had no objections to the remaining motions.

The Court verbally ruled on the Consolidated Motion in Limine at a hearing on Monday, November 18, 2013. The Court denied the First Motion in Limine to Exclude Post-Arrest Statements under Fed.R.Evid.

410(a)(4) and granted the rest of Defendant's Motions in Limine and his request to move to exclude further evidence, as needed.

1. **Defendant's <u>First Motion in Limine to Exclude Post-Arrest Statements under Fed.R.Evid. 410(a)</u> is DENIED because the statements were not made to a government attorney**

On March 21, 2013, Defendant made multiple statements to Task Force Officers Tom Bonnett and Dustin Weiss, and Chicago Police Officers at the Drug Enforcement Agency headquarters in Springfield, Illinois. Defendant moves to exclude Defendant's post-arrest statements under Federal Rule of Evidence ("Fed.R.Evid.") 410(a)(4), which prohibits the admission of statements a defendant made during discussions about a defendant's plea. Fed.R.Evid. 410(a)(4) states:

> **(a) Prohibited Uses.** In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>
> \*   \*   \*
>
> (4) a statement made during plea discussions <u>with an attorney for the prosecuting authority</u> if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Defendant asserts that the discussion between Defendant and the law enforcement officers was a "plea discussion" because Defendant stated he would cooperate and even discussed how he could cooperate, in

hopes of getting a better deal on a future plea. The Government's "intent" to engage in plea discussions is evidenced, Defendant contends, by the cooperation agreement Officer Bonnett presented to Defendant during the interrogation. According to the cooperation agreement, the agreement was intended as a grant of conditional use immunity by the Central District of Illinois. <u>See</u> Defendant's Exhibit 1, entered at hearing on Motion to Suppress on November 8, 2013. Defendant did not sign the agreement.

    Defendant also makes a policy argument in support of this Motion in Limine. Under the cooperation agreement, Defendant's statements could not be directly used as material evidence against him in any federal criminal case, with a few exceptions. According to Defendant, fundamental fairness dictates that Defendant's statements should not be admitted simply because he decided not to cooperate and go to trial.

    The Government contends that Fed.R.Evid. 410(a) is inapplicable because Defendant was discussing the possibility of assisting law enforcement, not engaging in plea discussions. Additionally, the Government asserts that Defendant had nothing to plea to on March 21, 2013 because he had not yet been charged with any crime. In support of

its position, the Government relies on two cases. In <u>United States v. Merrill</u>, 685 F.3d 1002, 1013 (11th Cir. 2012), the Eleventh Circuit rejected a similar request to suppress statements under Rule 410(a)(4) because "[t]here were no charges pending against [the defendant] when the discussion occurred, and the general discussions of leniency did not transform [the defendant's] meeting with the prosecutor and federal agents into plea negotiations." The Government also relies on a Fifth Circuit case, <u>United States v. Posey</u>, 611 F.2d 1389, 1390-91 (5th Cir. 1980), in which the court found that a defendant did not have a "reasonable expectation that he was negotiating a bargain" when a law enforcement officer said he would tell the court and prosecutor about the defendant's cooperation.

Federal Rule of Evidence 410(a)(4) protects statements a defendant made during plea discussions *with an attorney for the prosecuting authority.* Defendant here made statements to law enforcement officials and not a government attorney. Therefore, the Rule on its face does not apply.

The Seventh Circuit has also strictly read this Rule. For example, in <u>United States v. Olson</u>, the defendant made statements to a law

enforcement agent who then told the defendant that the agent could recommend a plea agreement to the Assistant U.S. Attorney and that cooperation would likely assist the defendant in a better deal. 450 F.3d 655, 681 (7th Cir. 2006). The Seventh Circuit held that Fed.R.Evid. 410 did not apply to defendant's statements to the agent because the agent was not "an attorney for the prosecuting authority" and did not purport to represent the U.S Attorney's Office. <u>Id</u>. The Court also noted that the agent's statements to the defendant about cooperation possibly enhancing the defendant's plea agreement were "the general kinds of statements that law enforcement agents commonly make." <u>Id</u>. Likewise, in <u>United States v. Lewis</u>, 117 F.3d 980, 984 (7th Cir. 1997), the Seventh Circuit found that statements the defendant made to IRS agents were not protected under Fed.R.Evid. 410 because the agents were not government attorneys.

   None of the agents present in the conference room with Defendant on March 21, 2013 when he made allegedly incriminating statements were attorneys with the prosecuting authority. Although the Assistant U.S. Attorney furnished the cooperation agreement Officer Bonnett discussed with Defendant, that agreement was not a *plea* agreement and

Officer Bonnett did not purport to represent the U.S. Attorney's Office. Accordingly, Fed.R.Evid. 410 is inapplicable.

Additionally, the cooperation agreement contains provisions that explicitly state that the agreement does not contain any promises from the Government related to a plea agreement:

> 11. At this time the government is not making, and has not made, any promise or commitment of any kind to you regarding the prosecution of any offense or the sentence in any case.
>
> \*   \*   \*
>
> 13. This letter embodies the entirety of the federal government's immunity agreement with you. No other promise or agreement exists between you and the federal government regarding such immunity.

Defendant's Exhibit 1 at 3.

Furthermore, Defendant had notice that the statements he made would not be protected by the cooperation agreement. Section 12 of the agreement only protects statements Defendant made "after the execution of the cooperation agreement," not those made "prior thereto." Defendant's Exhibit 1 at 3. Therefore, Defendant's first Motion in Limine moving to exclude his post-arrest statements is DENIED.

2. **Defendant's Remaining Motions in Limine are GRANTED because They are Legally Valid and the Government has No Objections**

The Government does not object to Defendant's Motions in Limine numbered two through seven. Accordingly, the following Defendant's Motions in Limine in the Consolidated Motion (d/e 65) are GRANTED:

1. Defendant's <u>Second Motion</u> to exclude "Any Evidence That Defendant Was Previously In Prison, Evidence of His Criminal History, or Evidence of Presently Pending Criminal Charges." The parties stipulated that a Chicago Police Officer may still testify to lay the foundation for the admissibility of some evidence.

2. Defendant's <u>Third Motion</u> to exclude "Any Evidence that Defendant Owns or Likes Weapon."

3. Defendant's <u>Fourth Motion</u> to exclude "The Narration of DEA Agents on the Video Tape of the Alleged Transaction . . . ."

4. Defendant's <u>Fifth Motion</u> to exclude "Evidence of An Alleged Murder for Hire Plot Inside Sangamon County Jail." The granting of this Motion does not prohibit the Government from raising this issue at a possible sentencing hearing.

5. Defendant's <u>Sixth Motion</u> to excise "Statements of Officers Raisbeck and Bonnett . . . from the Transcripts Provided to the Jury [and] Government's Narrative."

6. Defendant's <u>Seventh Motion</u> to exclude "Statements of Nelson Castillo . . Unless He Testifies at Trial."

3. **The Court GRANTS Defendant's Request for the Right to Move in Limine**

Finally, the Court GRANTS Defendant's request to move in limine for the exclusion of further evidence as needed.

ENTERED: December 4, 2013

FOR THE COURT:

s/ Sue E. Myerscough<br>SUE E. MYERSCOUGH<br>UNITED STATES DISTRICT JUDGE